U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

MAR 14 2016

TONY R. MOORE, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| JOHN P. DAVIS | CIVIL ACTION NO. 16-0011 |
| VS. | SECTION "P" |
| ST. LANDRY PARISH, ET AL | JUDGE DOHERTY |
| | MAGISTRATE JUDGE HANNA |

## REPORT AND RECOMMENDATION

Before the court is a *pro se* civil rights complaint (42 U.S.C. § 1983) filed in *forma pauperis* on January 5, 2016 by plaintiff, John P. Davis. Plaintiff is currently incarcerated at the Avoyelles Marksville Detention Center, yet complains of a condition of confinement occurring while he was an inmate at the St. Landry Parish Jail.

## STATEMENT OF THE CASE

Plaintiff contends that in August 2015, he was "touched on the butt five or more times" and asked to "perform sexual acts of oral sex" by Deputy James Brain Doucet, the trustee of his road crew in St. Landry Parish. He contends that a member of a church where his crew was working witnessed one of the episodes and he names three other individuals who could testify as to the "sexual vulgar language and sexual touching and playing sexual jokes, and games" by Doucet.

Plaintiff submitted a "Grievance Report" and four (4) Administrative Remedies Procedure (ARP) grievances, beginning in September, 2015. Subsequent to the first filing, Plaintiff was transferred from St. Landry Parish to the Avoyelles Marksville Detention Center. The administration provided a response which stated that following its investigation, the administration

was unable to independently confirm his allegations. Further, the St. Landry Parish Sheriff's office forwarded a copy of its investigative report to the Avoyelles Parish Detention Center.

Plaintiff named Deputy Doucet, St. Landry Sheriff's Department, St. Landry Parish Sheriff Bobby Guidroz and James Leblanc as defendants.

Plaintiff prays for the following relief: "I want this Dep. James Brian Doucet charged and tried in court and I want a settlement for all this mental anguish and defamation of character and humiliation for myself, and my family, for the rest of my life."

## LAW AND ANALYSIS

### I. Frivolity Review

Plaintiff has been granted leave to proceed in forma pauperis under 28 U.S.C. § 1915. Under § 1915(e)(2)(B)(i), (ii) and (iii), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary damages from a defendant who is immune. See *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) citing *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998).

When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley*, 157 F.3d at 1025 (failure to state a claim.)

## II. Eighth Amendment Claim

A claim for relief under § 1983 must allege the deprivation of a right secured by the Constitution or the laws of the United States by a defendant acting under color of state law. *Wong v. Stripling*, 881 F.2d 200, 202 (5th Cir.1989).

The first step in a § 1983 analysis is to identify the specific constitutional right involved. *Baker v. McCollan*, 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979).

Plaintiff has not explicitly alleged the violation of a particular constitutional right. However, to the extent that his complaint implicates rights guaranteed under the Eighth Amendment's prohibition against cruel and unusual punishment, he has failed to state a claim for which relief may be granted.

Plaintiff claims that the words and actions of the defendant caused him "mental anguish" and he seeks monetary damages to compensate him for this injury. He alleges that he was the victim of sexual harassment because the defendant grabbed his butt and directed jokes of a vulgar and sexual nature toward him.

To establish an Eighth Amendment claim, plaintiff must demonstrate, *inter alia*, an objective component of conditions so serious as to deprive him of the minimal measure of life's necessities. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir.1999).

Claims of verbal abuse are not actionable under § 1983, see *Siglar v. Hightower*, 112 F.3d 191, 193-94 (5th Cir.1997), (verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation, citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993); see also *Adkins v. Rodriguez*, 59 F.3d 1034 (10th Cir.1995) (verbal sexual harassment by jailer, while outrageous and unacceptable, did not amount to a violation of the inmate's Eighth Amendment rights); *McDowell v. Jones*, 990 F.2d 433 (8th Cir.1993) (verbal threats and name calling usually

are not actionable under § 1983); *Purcell v. Coughlin*, 790 F.2d 263, 265 (2d Cir.1986) (*per curiam*) (name calling does not allege a constitutional claim). Therefore, to the extent that plaintiff claims a violation of his Eighth Amendment rights occurred when the defendant made sexual jokes, those allegations fail to state a claim for which relief may be granted.

Furthermore, 42 U.S.C. § 1997e(e) provides, "[n]o federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." The "physical injury" required by § 1997e(e) must be more than *de minimis* but need not be significant. *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999)(*citing Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997). Plaintiff's allegations that Deputy Doucet touched him inappropriately is not an allegation that the actions of the defendant resulted in any physical injury. Plaintiff's claim thus does not overcome § 1997e(e)'s prohibition.

Therefore, plaintiff's complaint, to the extent that it arises under the Eighth Amendment, lacks an arguable basis in law and should be dismissed with prejudice as frivolous.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights action be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i), (ii) and (iii).

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lafayette, Louisiana, this 12th day of March, 2016.

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

COPY SENT:
DATE: 3/14/2016
BY: eh
TO: RFD
CG